Joshua B. Swigart (SBN 225557)
Josh@SwigartLawGroup.com
Juliana G. Blaha (SBN 331066)
Juliana@SwigartLawGroup.com
**SWIGART LAW GROUP, APC**
2221 Camino del Rio S, Ste 308
San Diego, CA  92108
P: 866-219-3343
F: 866-219-8344

*Attorneys for Plaintiff*
*David Greenley*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID GREENLEY, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>MAYFLOWER TRANSIT, LLC,<br><br>Defendant. | Case No: **'21CV339 WQHMDD**<br><br>CLASS ACTION<br><br>COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF:<br><br>1. UNLAWFUL RECORDING OF CONFIDENTIAL TELEPHONE CALLS, CAL. PEN. CODE § 632<br><br>2. UNLAWFUL RECORDING OF CELLULAR TELEPHONE CALLS, CAL. PEN. CODE § 632.7<br><br>3. NEGLIGENCE<br><br>JURY TRIAL DEMANDED |

1

Complaint

**INTRODUCTION**

1. David Greenley ("Plaintiff"), individually and on behalf of all other similarly situated California residents ("Class Members"), brings this action for damages and injunctive relief against Mayflower Transit, LLC ("Defendant"), and its present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, related entities for unauthorized recordings of conversations with Plaintiff and Class Members without any notification nor warning to Plaintiff or Class Members in violation of the Cal. Pen. Code § 630, et seq. ("CIPA").

2. The California State Legislature passed CIPA in 1967 to protect the right of privacy of the people of California, replacing prior laws, which permitted the recording of telephone conversations with the consent of one party to the conversation. The California Penal Code is very clear in its prohibition against unauthorized recording without the consent of the other person to the conversation: "Every person who, intentionally and without the consent of all parties to a confidential communication, by means of any electronic amplifying or recording device, eavesdrops upon or records the confidential communication [violates this section]." Penal Code § 632(a).

3. The conversations at issue herein were all related to Plaintiff's private moving plans. As such, the telephone communications at issue herein were all "confidential" as a matter of law and thus subject to the protection of California Penal Code §632.

4. In addition to the general protections afforded to confidential communications by California Penal Code §632, California Penal Code § 632.7 was added to CIPA in 1992 due to specific privacy concerns over the increased use of cellular and cordless telephones. Section 632.7 prohibits secretly recording all communications involving cellular and cordless telephones, not just confidential communications. Penal Code 637.2 permits Plaintiff to bring this action for any violation of Penal Code § 632 and provides for statutory damages of $5,000 for each violation.

5. Plaintiff brings this class action on behalf of two related, but separate, classes as more fully defined infra, consisting of 1) the Confidential Communication class and 2) the Cellular subclass.

6. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on his personal knowledge.

7. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

8. All violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

9. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the named Defendant.

## JURISDICTION & VENUE

10. Jurisdiction is proper under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), because Plaintiff, a resident of the State of California, seeks relief on behalf of a California class, which will result in at least one class member belonging to a different state than that of Defendant, a Colorado Corporation.

11. Plaintiff is requesting statutory damages of $5,000 per violation pursuant to Cal. Civ. Code § 1785.31, which, when aggregated among a proposed class number in the tens of thousands, exceeds the $5,000,000 threshold for federal court jurisdiction.

12. Therefore, both diversity jurisdiction and the damages threshold under CAFA are present, and this Court has jurisdiction.

13. Because Defendant conducts business within the State of California, personal jurisdiction is established. At the time of the call, Plaintiff was in the state of California and Defendant conducts business in San Diego county.

Complaint

14. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) At all times relevant to this Complaint, Plaintiff was a resident in the County of Los Angeles, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and (iii) Defendant conducted business within this judicial district at all times relevant.

## PARTIES & DEFINITIONS

15. Plaintiff is, and at all times mentioned herein was, a natural person and resident of the State of California, County of Los Angeles, in this judicial district.

16. Defendant is, and at all times mentioned herein was, a Missouri corporation with its headquarters located at One Premier Drive, Fenton, MO 63026-2989. Defendant has registered an agent of process with the California Secretary of State, CT Corporation System, 818 West Seventh Street, Suite 930, Los Angeles, CA 90017. Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of California, in the County of San Diego, within this judicial district.  Defendant is, and at all times mentioned herein was, a "person", as defined by Cal. Pen. Code § 632(b).

## FACTUAL ALLEGATIONS

18. Sometime prior in and around June 2020, Plaintiff contacted Defendant in an effort to retain its moving services so that his personal property and vehicle could be moved to Minnesota.

19. Plaintiff in fact contracted with Defendant to have his property moved from California to Minnesota in the midst of the COVID-19 pandemic.

20. On or about June 18, 2020, Plaintiff Greenley called and spoke with one of Defendant's employees, "Darrel."

21. Plaintiff had a customer service question for Defendant regarding additional charges Defendant was trying to charge him for the transportation of his personal vehicle which he was told was included in the original quote for services.

22. During the course of this conversation, Defendant revealed to Plaintiff that his prior call with an earlier employee had been recorded without his prior express consent.

23. Defendant's employee told Plaintiff that he had reviewed a recording of a previous telephone conversation that Plaintiff had had with another employee of Defendant.

24. Plaintiff did not provide consent to be recorded.

25. Plaintiff was located in California in June 2020 at the time the previous call to Defendant was recorded as Defendant's employee later confirmed.

26. The number Plaintiff called to speak with Defendant was (866) 833-1439.

27. Upon information and belief, Defendant is a large company with thousands of customers moving into and out of California annually as part of its moving business.

28. Plaintiff was completely unaware that Defendant had recorded his call until well after the fact and was therefore unable to consent.

29. At the inception of Defendant's illegally recorded call with Plaintiff in or around June 2020, Defendant never advised Plaintiff that the call was being recorded, and Plaintiff did not consent to the call being recorded.

30. Indeed, at no point did Defendant inform Plaintiff that the call was being recorded. Nonetheless, Defendant was in fact surreptitiously recording the entirety of the lengthy phone conversation between Plaintiff and Defendant.

31. Plaintiff was completely unaware that this call was recorded until it was later disclosed to him.

32. Plaintiff was personally affected by Defendant's aforementioned conduct because Plaintiff was shocked, upset and angry that Defendant audio recorded a telephone conversation with Plaintiff without Plaintiff's knowledge or consent.

33. California Penal Code § 632(a) prohibits recording of such confidential communications, including calls like those between Plaintiff and Defendant, without the consent of the other person to the conversation and states:

> "A person who, intentionally and without the consent of all parties to a confidential communication, uses an electronic amplifying or recording device to eavesdrop upon or record the confidential communication, whether the communication is carried on among the parties in the presence of one another or by means of a telegraph, telephone, or other device, except a radio [violates this section]."

34. California Penal Code § 632.7(a) is clear in its prohibition against such unauthorized recording of cellular communications without the consent of the other party to the conversation:

> "Every person who, without the consent of all parties to a communication, intercepts or receives and intentionally records, or assists in the interception or reception and intentional recordation of, a communication transmitted between two cellular radio telephones, a cellular radio telephone and a landline telephone, two cordless telephones, a cordless telephone and a landline telephone, or a cordless telephone and a cellular radio telephone [violates this section]."

35. California Penal Code § 637.2 permits Plaintiff to bring this action for any violation of California Penal Code § 632.7(a) and provides for statutory damages of $5,000 for each violation.

36. Defendant recorded or otherwise made an unauthorized connection to Plaintiff's confidential conversation with Defendant and its employees in violation of California's statutory and common law against such unlawful intrusions into a person's private affairs, including the California Constitution's prohibition in Article 1, Section 1.

///

///

37. This suit seeks only damages and injunctive relief for recovery of economic injury and it expressly is not intended to request any recovery for personal injury and claims related thereto.

38. Plaintiff is informed and believes, and thereon alleges, that Defendant intentionally recorded a confidential communication as prohibited by California Penal Code § 632.

39. Plaintiff is informed and believes, and thereon alleges, that Defendant intentionally recorded a communication transmitted between a cellular radio telephone and a landline telephone without Plaintiff's consent as prohibited by California Penal Code § 632.7(a).

40. Defendant violated Plaintiff's constitutionally protected privacy rights by failing to advise or otherwise provide notice at the beginning of the recorded conversation with Plaintiff that the call would be recorded, and Defendant did not try to obtain the Plaintiff's consent before such recording.

41. The recording or other unauthorized connection was done over the telephone, without Plaintiff's prior knowledge or consent. Plaintiff was damaged thereby, as detailed herein, in at least an amount permitted by the statutory damages mandated by California Penal Code § 637.2(a).

42. Defendant, its employees or agents, secretly recorded a call made involving Defendant and Plaintiff. At no time before, during, or after any of the calls was Plaintiff warned, told, advised or otherwise given any indication by Defendant, its employees or agents, that the calls were recorded.

43. As a result thereof, Plaintiff has been damaged as set forth in the Prayer for Relief herein.

44. Plaintiff seeks statutory damages and injunctive relief under California Penal Code § 637.2.

## CLASS ACTION ALLEGATIONS

45. Plaintiff brings this lawsuit as a class action on behalf of himself and Class Members of the proposed Classes. This action satisfies the numerosity,

commonality, typicality, adequacy, predominance, and superiority requirements of those provisions.

46. Plaintiff proposes the following two Classes consisting of and defined as follows:

    A. The Confidential Communication Class for Violation of Penal Code §632, consisting of;

    All persons in California whose conversations were recorded without their consent, by Defendant, and or its agents, within the one year prior to the filing of the Complaint.

    B. The Cellular Phone Communication Sub-Class for Violation of Penal Code §632.7, consisting of;

    All persons in California whose cellular telephone conversations were recorded without their consent, by Defendant, and or its agents, within the one year prior to the filing of the Complaint.

47. Excluded from the Class are: (1) Defendant, any entity or division in which Defendant has a controlling interest, and its legal representatives, officers, directors, assigns, and successors; (2) the Judge to whom this case is assigned and the Judge's staff; and (3) those persons who have suffered personal injuries as a result of the facts alleged herein.

48. Plaintiff reserves the right to redefine the Class and to add subclasses as appropriate based on discovery and specific theories of liability

49. <u>Numerosity</u>: The Class Members are so numerous that joinder of all members would be unfeasible and impractical.  The membership of the entire Class is currently unknown to Plaintiff at this time; however, given that, on information and belief, Defendant called thousands of class members statewide and recorded those calls during the class period, it is reasonable to presume that the members of the Class are so numerous that joinder of all members is impracticable.  The

disposition of their claims in a class action will provide substantial benefits to the parties and the Court.

50. <u>Commonality</u>: There are common questions of law and fact as to Class Members that predominate over questions affecting only individual members, including, but not limited to:

- Whether the recorded calls concerned confidential communications with Class Members;
- Whether, within the statutory period Defendant recorded any call with the Class Members;
- Whether Defendant had, and continues to have, a policy during the relevant period of recording telephone calls made to the Class Members;
- Whether Defendant's policy or practice of recording telephone communications with Class Members constitutes a violation of Cal. Penal Code § 632.7;
- Whether Plaintiff and the Class Members were damaged thereby, and the extent of damages for such violation; and
- Whether Defendant should be enjoined from engaging in such conduct in the future.

51. <u>Typicality</u> Plaintiff's conversation was unlawfully recorded without a warning of such recording, and thus, his injuries are also typical to Class Members.  Further, the communication was concerning matters which constitutes a "confidential" communication pursuant to California Penal Code §632.

52. Plaintiff and Class Members were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally recorded the Plaintiff and Class Members' conversations with Defendant, and Defendant invading the privacy of said Plaintiff and Class.  Plaintiff and Class Members were damaged thereby.

53. <u>Adequacy</u>: Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member with whom he is similarly situated, as demonstrated herein.  Plaintiff acknowledges that he has an obligation to make known to the Court any relationships, conflicts, or differences with any Class Member.  Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement.  In addition, the proposed class counsel is experienced in handling claims involving consumer actions and violations of the California Penal Code sections 632 and 632.7.  Plaintiff has incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be, necessarily expended for the prosecution of this action for the substantial benefit of each Class Member.

54. <u>Predominance</u>: Questions of law or fact common to the Class Members predominate over any questions affecting only individual members of the Class. The elements of the legal claims brought by Plaintiff and Class Members are capable of proof at trial through evidence that is common to the Class rather than individual to its members.

55. <u>Superiority</u>: A class action is a superior method for the fair and efficient adjudication of this controversy because:

    a. Class-wide damages are essential to induce Defendant to comply with California law.

    b. Because of the relatively small size of the individual Class Members' claims, it is likely that only a few Class Members could afford to seek legal redress for Defendant's misconduct.

    c. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

    d. Absent a class action, most Class Members would likely find the cost of litigating their claims prohibitively high and would therefore have no

        effective remedy at law.

    e.    Class action treatment is manageable because it will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would endanger.

    f.    Absent a class action, Class Members will continue to incur damages, and Defendant's misconduct will continue without remedy.

56. Plaintiff and the Class Members have all suffered and will continue to suffer harm and damages as a result of Defendant's unlawful and wrongful conduct. A class action is also superior to other available methods because as individual Class Members have no way of discovering that Defendant recorded their telephone conversations without Class Members' knowledge or consent.

57. The Class may also be certified because:

- the prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudication with respect to individual Class Members, which would establish incompatible standards of conduct for Defendant;
- the prosecution of separate actions by individual Class Members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class Members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and
- Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final and injunctive relief with respect to the members of the Class as a whole.

58. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of Class Members and it expressly is not intended to request any recovery for personal injury and claims related thereto.

59. The joinder of Class Members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court.  The Class Members can be identified through Defendant's records.

### FIRST CAUSE OF ACTION
### RECORDING OF CONFIDENTIAL CALLS
### UNDER CALIFORNIA PENAL CODE § 632

60. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

61. At all relevant times hereto, Defendant had and followed a policy and practice of using a telecommunications system that enabled it to surreptitiously record telephone communications between Defendant and Plaintiff and Class Members.

62. Because of the nature of its business, Defendant's communications with Plaintiff and the Class Members were, by definition, "confidential" communications as a matter of law.

63. At all relevant times Plaintiff and all Class Members have an expectation of privacy in their conversations with Defendants and their employees and agents concerning information their moving plans, and did not expect, or have knowledge of, any such illegal recording or other unauthorized connections to their conversations.

64. At all relevant times hereto, Defendant had and followed a policy and practice of not advising or warning Plaintiff and Class Members at the beginning of a conversation that their confidential telephone communications with Defendant would be recorded.

65. Defendant failed to obtain consent of Plaintiff and Class Members prior to recording any of their confidential telephone conversations.

66. Because Defendant and its employees and agents recorded or otherwise made unauthorized connections to Plaintiff's and other Class Members' conversations,

12

Complaint

Defendant is liable for the greater of $5,000 per violation or three times the amount of actual damages sustained by each Plaintiff. Plaintiffs are seeking only the statutory damages for the members of the Class under this cause of action.

67. Such conduct by these Defendants was willful, deliberate, malicious and intentional, and in violation of California Penal Code §§ 632 and 637.2. Such conduct violated the California Privacy Act, set forth in California Penal Code §§ 630, *et seq*.

68. As a result of such unlawful conduct, Plaintiff and the Class Members were damaged, in an amount according to proof.

## SECOND CAUSE OF ACTION
### RECORDING OF CELLULAR CALLS
### UNDER CALIFORNIA PENAL CODE § 632.7

69. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

70. At all relevant times hereto, Defendant had and followed a policy and practice of using a telecommunications system that enabled it to surreptitiously record cellular telephone communications between Defendant and Plaintiff and Class Members.

71. At all relevant times hereto, Defendant intentionally and secretly recorded cellular telephone calls concerning confidential matters between Defendant and Plaintiff and Class Members.

72. At all relevant times hereto, Defendant had and followed a policy and practice of not advising or warning Plaintiff and Class Members at the beginning of a conversation that their cellular telephone communications with Defendant would be recorded.

73. Defendant failed to obtain consent of Plaintiff and Class Members prior to recording any of their cellular telephone conversations.

74. This conduct by Defendant violated section 632.7(a) of the California Penal Code.

75. Plaintiff and Class Members are entitled to recovery of statutory punitive damages in the amount of $5,000 per violation of Cal. Pen. Code § 632.7.

76. Plaintiff's counsel is also entitled to attorneys' fees and costs pursuant to Cal. Code of Civ. Proc. § 1021.5.

### THIRD CAUSE OF ACTION
### NEGLIGENCE

77. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

78. Defendant owed a duty to Plaintiff and the Class to exercise reasonable care in recording as well as in engaging in confidential conversations with Plaintiffs and the Class members.

79. Defendant breached its duties by failing to obtain consent from Plaintiff and the Class or in any way warning them that their calls were being recorded at the onset of the calls. Instead, Defendant covertly recorded cellular telephone calls concerning confidential matters between Defendant and Plaintiff and Class Members without their knowledge and or authorization.

80. But for Defendant's wrongful and negligent breach of its duties owed to Plaintiff and the Class, their privacy would not have been improperly invaded. Defendant's negligence was a direct and legal cause of the intrusion of into Plaintiff and Class' privacy resulting in damages.

81. The injury and harm suffered by Plaintiff and the Class members was the reasonably foreseeable result of Defendant's failure to exercise reasonable care with its disclosures, and which the Cal. Pen. Code § 632.7 was designed to prevent.

82. These damages include, but are not limited to, invasion of Plaintiff and the Class' constitutionally protected right to privacy, emotional distress, shock, and effort and money in responding to Defendant's negligence. However, Plaintiff only seeks statutory damages in this class action.

///
///
///

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Class Members pray that judgment be entered against Defendant, and Plaintiff and the Class be awarded damages from Defendant, as follows:

- Certify the Class as requested herein;
- Appoint Plaintiff to serve as the Class Representative for the Class; and
- Appoint Plaintiff's Counsel as Class Counsel in this matter for the Class.

In addition, Plaintiff and the Class Members pray for further judgment as follows against Defendant:

### RECORDING OF CONFIDENTIAL CALLS UNDER CALIFORNIA PENAL CODE § 632

- $5,000 to each Class Member pursuant to California Penal Code § 637.2(a);
- Reasonable attorneys' fees pursuant to Cal. Code of Civ. Proc. § 1021.5;
- Injunctive relief to prevent the further occurrence of such illegal acts pursuant to California Penal Code § 637.2(b);
- An award of costs to Plaintiff; and
- Any other relief the Court may deem just and proper including interest.

### RECORDING OF CELLULAR CALLS UNDER CALIFORNIA PENAL CODE § 632.7

- $5,000 to each Class Member pursuant to California Penal Code § 637.2(a);
- Reasonable attorneys' fees pursuant to Cal. Code of Civ. Proc. § 1021.5;
- Injunctive relief to prevent the further occurrence of such illegal acts pursuant to California Penal Code § 637.2(b);
- An award of costs to Plaintiff; and
- Any other relief the Court may deem just and proper including interest.

### NEGLIGENCE

- Special, general, and compensatory;
- Injunctive relief, prohibiting such conduct in the future; and
- Any other relief the Court may deem just and proper.

Complaint

## TRIAL BY JURY

87. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff and Class Members are entitled to, and demand, a trial by jury.

Respectfully submitted,

**SWIGART LAW GROUP**

Date: February 25, 2021        By: *s/ Joshua Swigart*
                                   Joshua B. Swigart, Esq.
                                   Josh@SwigartLawGroup.com
                                   Attorneys for Plaintiff