# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID GREENLEY, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> MAYFLOWER TRANSIT, LLC, <br><br> Defendant. | Case No.: 21-cv-339-WQH-MDD <br><br> **ORDER** |

HAYES, Judge:

The matter before the Court is the Motion for Preliminary Approval of Settlement (ECF No. 41) filed by Plaintiff David Greenley.

The Court has considered the Parties' Settlement Agreement, along with Plaintiff's unopposed Motion for Preliminary Approval of the Settlement Agreement (ECF No. 41) and the Memorandum of Points and Authorities, Declaration of Joshua B. Swigart, Declaration of Peter F. Barry, Declaration of David Greenley, and other documents filed in support thereof, and finds good cause for issuing an Order Preliminarily Approving the Parties' Settlement.

///

///

IT IS HEREBY ORDERED:

1. The Court GRANTS the request for Preliminary Approval of the Class Action Settlement. All defined terms contained herein shall have the same meanings as set forth in the Settlement.

2. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court GRANTS the Parties' request for certification of the following Rule 23 Settlement Class for the sole and limited purpose of implementing the terms of the Settlement Agreement, subject to this Court's final approval:

> **A. The Confidential Communication Class for Violation of Penal Code § 632, consisting of:**
>
>> All persons in California who booked a move online through the Mayflower Gemini program and whose conversations were recorded without their consent, by Defendant, and or its agents, within the one year prior to the filing of the Complaint.
>
> **B. The Cellular Phone Communication Sub-Class for Violation of Penal Code §632.7, consisting of:**
>
>> All persons in California who booked a move online through the Mayflower Gemini program and whose cellular telephone conversations were recorded without their consent, by Defendant, and or its agents, within the one year prior to the filing of the Complaint.

3. The Court recognizes that certification under this Order is for settlement purposes only and shall not constitute or be construed as an admission by Defendant that this action is appropriate for class treatment for litigation purposes. Entry of this Order is without prejudice to the rights of Defendant to oppose certification of a class in this action should the proposed Settlement not be granted final approval.

4. The Court appoints and designates: (a) Plaintiff David Greenley as the Class Representative and (b) the firms of Swigart Law Group, APC and The Barry Law Office,

Ltd as Class Counsel for the Class. Class Counsel is authorized to act on behalf of the Class with respect to all acts or consents required by, or which may be given, pursuant to the Settlement, and such other acts necessary to finalize the Settlement Agreement and its terms.

5. Any Settlement Class Member may opt out of the Settlement and enter an appearance through his or his own counsel at such Class Member's own expense. Any Settlement Class Member who does not opt out will be represented by Class Counsel. The Court hereby preliminarily approves the terms provided for in the Settlement, finding them to be fair, adequate, and reasonable and in the best interests of the Settlement Class Members.

6. The Court hereby preliminarily approves the Settlement in the Maximum Settlement Amount of $1,450,000.00, with the Net Settlement Amount being calculated by subtracting the following from the Maximum Settlement Amount: (1) Class Counsel's attorneys' fees (not to exceed 25% of the Maximum Settlement Amount or $362,500.00); (2) Class Counsel's Costs (not to exceed $50,000.00); (3) Class Representative Service Award to be paid to Representative David Greenley not to exceed $10,000; and (4) the Claims Administration Costs to the Claims Administrator, CPT Group, Inc. The Net Settlement Amount remaining for paying Individual Settlement Payments to the Participating Class Members is anticipated to be approximately $1,010,000.00. The Court further preliminarily approves the formulas provided in the Settlement for calculating Individual Settlement Payments, the Opt-Out Deadline, the Objection Deadline, and the claim submission deadline.

7. The Court finds on a preliminary basis that the Settlement, including the Class Representative Service Award, Class Counsel Fees and Costs, the Claims Administration Costs and the proposed allocation of Individual Settlement Payments to Participating Class Members, appears to be within the range of reasonableness of a settlement that could ultimately be given final approval by this Court.

8. It appears to the Court on a preliminary basis that the Settlement is fair, adequate and reasonable as to all potential Settlement Class Members when balanced against the probable outcome of further litigation relating to certification, liability and damages issues. It also appears that extensive investigation, research and Court proceedings have been conducted so that counsels for the Parties have been able to reasonably evaluate their respective positions. It appears to the Court that settlement at this time will avoid substantial additional costs by all Parties, as well as avoid the delay and risks that would be presented by the further prosecution of this Action. It also appears that settlement has been reached because of intensive, serious, and non-collusive arms-length negotiations, including a full-day mediation with a third-party neutral.

9. A final approval hearing shall be held before this Court on August 4, 2022, in Courtroom 14B of the United States District Court, Southern District of California, at 10:30 a.m. to determine all necessary matters concerning the Settlement, including whether the proposed Settlement of the Action on the terms and conditions provided for in the Settlement are fair, adequate and reasonable and should be finally approved by the Court and whether a Judgment should be entered herein. At that time, a hearing on Class Counsel's Motion for Attorneys' Fees and Costs and the Class Representative's Service Award shall also be held.

10. The Court hereby approves, as to form and content, the Notice of Class Action Settlement ("Notice Packet") to be sent to Settlement Class Members, which is attached as Exhibits 2 and 3 to the Declaration of Joshua B. Swigart (ECF Nos. 41-6–41-7). The Court finds that distribution of the Notice Packets to the Settlement Class Members substantially in the manner and form set forth in the Settlement is the best notice practicable under the circumstances and meets the requirements of due process and shall constitute due and sufficient notice to all parties entitled thereto. The documents to be sent to all Settlement Class Members in the Notice Packet are deemed sufficient to inform Settlement Class Members of the terms of the Settlement, their rights under the Settlement, their rights to object to or comment on the settlement, their right to receive an Individual Settlement

1  Payment without having to take any action, their right to exclude themselves and not
2  participate in the Settlement, and the processes for doing so, and the date and location of
3  the Final Approval Hearing, and the Notice Packet documents, and are therefore approved.

4      11.    The Court appoints and designates CPT Group, Inc., as the third-party Claims
5  Administrator. The Court hereby directs the Claims Administrator to provide the approved
6  Notice Packet documents to Settlement Class Members and administer the Settlement in
7  accordance with the procedures set forth in the Settlement herein, including in conformance
8  with the schedule set forth below.

9      12.    Any Settlement Class Member may choose to opt out of and be excluded from
10 the Settlement as provided in the Settlement and Notice of Class Action Settlement and by
11 following the instructions for requesting exclusion. Any person who timely and properly
12 excludes themselves from the Settlement will not be bound by it or have any right to object,
13 appeal or comment thereon. Any Request for Exclusion must be signed by each such
14 Settlement Class Member and comply with the requirements for exclusion set forth in the
15 Settlement.

16     13.    Settlement Class Members who have not timely submitted a Request for
17 Exclusion shall be bound by all determinations of the Court, the Settlement and the
18 Judgment. If both an opt-out and an objection are received from the same Settlement Class
19 Member, the Class Member will be deemed to have opted out.

20     14.    Pursuant to Federal Rule of Civil Procedure 23(e)(5), members of the
21 Settlement Class may object to the terms of the settlement. Settlement Class Members who
22 object to the proposed Settlement may appear and present such objections at the Final
23 Approval Hearing in person or by counsel, provided that any objecting Settlement Class
24 Member submit a written statement containing the basis of that person's objections,
25 together with a notice of the intention to appear, if appropriate, which must be sent to the
26 Class Counsel and Defendant's Counsel and postmarked no later than the date set by the
27 schedule of dates below.
28

15. No person shall be heard at the Final Approval Hearing, and no briefs or papers shall be received or considered, unless the foregoing documents have been filed and served as provided in this Order, except as this Court may permit for good cause shown.

16. The motion for final approval of the Settlement and Awarding Administration Costs shall be filed according to the schedule of dates below. Class Counsel shall also file its Motion for Attorneys' Fees and Costs and Class Representative Service Award according to the schedule of dates below, to be heard concurrently with the Final Approval Hearing.

17. Upon Final Approval and completion of the Claims Administration process, all Class Members who have not submitted timely Requests for Exclusion and the Class Representatives will be deemed to have forever released and discharged the Released Claims applicable to them and waived their rights under California Civil Code § 1542 for the applicable Released Claims, as set forth and defined in the preliminarily approved Settlement Agreement.

18. The Court reserves the right to change or otherwise continue or advance the date of the Final Approval Hearing and all dates provided for in the Settlement without further notice to the Class.

19. The Court orders the following schedule of dates and administration milestones for the specified actions and further proceedings in this matter as agreed under the terms of the Settlement:

| Date | Event |
| --- | --- |
| 14 days from date of Preliminary Approval | Last day for Defendant to provide Claims Administrator the Class List |
| 30 days from date of Preliminary Approval | Notice: Last day for Claims Administrator to mail the Notice Packet to Class Members |
| 60 days from date of Preliminary Approval | Last day for Settlement Class to submit a timely signed Request for Exclusion |

| | |
|---|---|
| 60 days from date of Preliminary Approval | Last day for Settlement Class to timely submit Objections |
| 30 days before Final Approval Hearing | Last day to file Motion for Final Approval of Class Action Settlement |
| 30 days before Final Approval Hearing | Last day to file Motion for Approval of Class Counsel's Attorneys' Fees and Costs, and Class Representative Service Award |
| 15 days before Final Approval Hearing | Last Day to file a Reply to any objections to the Settlement |
| August 4, 2022 at 10:30 a.m. | Final Approval Hearing |

IT IS FURTHER ORDERED that Plaintiff's Motion to Certify Class (ECF No. 32) is denied as moot, without prejudice to refile if the proposed Settlement is not granted final approval.

Dated: February 10, 2022

*[signature]*
Hon. William Q. Hayes
United States District Court