UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID GREENLEY, individually and on behalf of all others similarly situated,<br><br>                              Plaintiff,<br><br>v.<br><br>MAYFLOWER TRANSIT, LLC,<br><br>                              Defendant. | Case No.: 21-cv-339-WQH-MDD<br><br>**ORDER** |

HAYES, Judge:

    The matters before the Court are the (1) Motion for Final Approval of Class Action Settlement ("Motion for Final Approval") and (2) Motion for Attorneys' Fees, Reimbursement of Litigation Expenses, Approval of Settlement Administration Fees, and Approval of Class Representative Service Award ("Motion for Fees and Expenses"), filed by Plaintiff David Greenley. (ECF Nos. 43 & 44).

**I.    PROCEDURAL BACKGROUND**

    On February 25, 2021, Plaintiff David Greenley filed a Class Action Complaint in this Court against Defendant Mayflower Transit, LLC. (ECF No. 1). The Complaint alleges claims for (1) unlawful recording of confidential telephone calls in violation of California Penal Code Section 632, (2) unlawful recording of cellular telephone calls in violation of California Penal Code Section 632.7, and (3) negligence. The Complaint alleges that

Defendant recorded "conversations … related to private moving plans" with "Plaintiff and Class Members without any notification nor warning to Plaintiff or Class Members in violation of California Penal Code § 630, et seq.," also known as the California Invasion of Privacy Act ("CIPA"). (ECF No. 1 ¶¶ 1, 3). The Complaint seeks statutory damages of $5,000 to each Class Member for each violation of § 632 and § 632.7, compensatory damages, injunctive relief, attorneys' fees, and costs.

On April 16, 2021, June 8, 2021, August 5, 2021, August 23, 2021, and September 3, 2021, the parties filed discovery motions. (ECF Nos. 11, 17, 23, 26, 28, 29).

On October 7, 2021, Plaintiff filed a Motion to Certify the Class. (ECF Nos. 32-34). On October 25, 2021, Defendant filed an Opposition to the Motion to Certify the Class. (ECF No. 36).

On October 27, 2021, Plaintiff filed a Notice of Settlement and Request to Vacate Class Certification Hearing ("Notice of Settlement"). (ECF No. 37). Plaintiff stated that "[t]he parties participated in a full day mediation on October 26, 2021 before the Hon. Edward Infante (Ret.), which resulted in a class settlement in principle." (*Id*. at 2).

On December 29, 2021, Plaintiff filed a Motion for Preliminary Approval of Settlement. (ECF No. 41). On February 10, 2022, the Court issued an Order granting the Motion for Preliminary Approval of Settlement and denying the Motion to Certify Class as moot. (ECF No. 42). The Court preliminarily approved the Settlement Agreement and the Notice of Class Action Settlement; appointed CPT Group, Inc. ("CPT Group") as the Claims Administrator; appointed the firms of Swigart Law Group, APC and The Barry Law Office, Ltd, as Class Counsel; and appointed Plaintiff David Greenley as Class Representative.

On March 8, 2022, Plaintiff filed the unopposed Motion for Fees and Expenses. (ECF No. 43). On June 30, 2022, Plaintiff filed the unopposed Motion for Final Approval. (ECF No. 44). On July 21, 2022, Plaintiff filed a Supplemental Declaration from a representative of CPT Group. (ECF No. 45).

On August 4, 2020, the Court conducted a Final Approval Hearing. No Class Member appeared.

## II. TERMS OF THE PROPOSED SETTLEMENT AND SETTLEMENT ADMINISTRATION

The Settlement Agreement provides the following class definitions for settlement purposes:

A. The Confidential Communication Class for Violation of Penal Code §632, consisting of:

> All persons in California who booked a move online through the Mayflower Gemini program and whose conversations were recorded without their consent, by Defendant, and or its agents, within the one year prior to the filing of the Complaint.

B. The Cellular Phone Communication Sub-Class for Violation of Penal Code §632.7, consisting of:

> All persons in California who booked a move online through the Mayflower Gemini program and whose cellular telephone conversations were recorded without their consent, by Defendant, and or its agents, within the one year prior to the filing of the Complaint.

(ECF No. 41-5 at 3-4).

Under the terms of the Settlement Agreement, Defendant agreed to pay the sum of $1,450,000 dollars for the settlement of the claims asserted in the Class Action Complaint. (ECF No. 41-5 at 4). Defendant agreed to certification of a settlement class and subclass as set forth above. The parties agreed that the class consists of 159 individuals and 691 telephone calls.[1] The Settlement Agreement states that "[e]ach Class Member shall share, pro rata, in the Settlement Fund, … after reasonable attorney's fees and costs as approved and awarded by the Court, the costs of notice and claims administration, and the incentive

---

[1] Although the settlement class consists of 159 individuals, the appointed Claims Administrator, CPT Group, stated that it could ascertain contact information for 158 of the settlement class members. (ECF No. 44-5 ¶ 4).

payment to the named Plaintiff … are deducted from the Settlement Fund." (ECF No. 41-5 at 4-5). The Settlement Fund of $1,450,000 is nonreversionary. The Settlement Agreement provides that "[i]f there are any uncashed settlement checks, the Parties will first attempt a redistribution to the Class Members if a redistribution is economically feasible," and "if a redistribution to the Class Members is not economically feasible, any funds from uncashed settlement checks shall be delivered to a *cy pres* recipient selected by the Parties and approved by the Court." (*Id*. at 11).

California Penal Code § 637.2 provides a potential award of statutory damages in the amount of $5,000 for each violation. The parties stipulate that there were 691 calls at issue. With statutory damages of $5,000 per call, the maximum that could have been recovered at trial was $3,455,000. The amount obtained for the class in settlement is $1,450,000, which is $2,098 per call. According to CPT Group, there was a total of 42 valid, timely submitted claims. (ECF No. 44-5 ¶ 12). As of May 3, 2022, three additional claims were submitted late but were otherwise valid. (*Id*.) The Court accepts these three late claims, bringing the final total to 45 valid claims. Another late claim form was received on June 30, 2022, but CPT Group determined that this claim was "invalid since it was submitted by an individual who is not a part of the class." (ECF No. 45 ¶ 3). The June 30, 2022 claim is not accepted. CPT Group received no objections or exclusion requests ("opt-outs"). (*Id*. ¶¶ 14-15). After deduction of the fees and costs requested by the Plaintiff, the estimated amount paid to each Class Member with a valid, submitted claim would be approximately $22,980. (*Id*. ¶ 13).

Plaintiff requests an award of attorneys' fees of $362,500—25% of the Maximum Settlement Amount—and reimbursement of Class Counsel's litigation costs of $30,874.12. (ECF No. 43 at 2). Plaintiff's attorney Joshua B. Swigart stated that his firm, Swigart Law Group, APC, expended 227.3 hours on this matter, resulting in a lodestar amount of $176,157.50. (ECF No. 43-2 ¶ 8; *see also* ECF No. 43-3 at 2). Plaintiff's attorney Peter F. Barry stated that his firm, The Barry Law Office, Ltd., expended 181.3 hours on this matter, resulting in a lodestar amount of $135,975.00. (ECF No. 43-6 ¶ 8; *see also* ECF No. 43-3

at 2). Litigation costs were composed of the mediation fee, filing fees, deposition fees, outside services, Westlaw costs, and copying costs. (ECF No. 43-4 at 2). Plaintiff further requests that the Court order $10,000 as a service award to Plaintiff's Class Representative and $12,500 in administrative costs to CPT Group, the Claims Administrator. (ECF No. 43 at 2).

### III.   CLASS CERTIFICATION

Plaintiff contends that certification of the proposed Class for the purposes of settlement is appropriate pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiff contends that the numerosity requirement is satisfied because there are 159 Class Members. (ECF No. 44-1 at 14). Plaintiff contends that the commonality and predominance requirements are satisfied because "the predominant and common question is whether Defendant Mayflower provided notice/warning of recording to incoming callers prior to recording their telephone conversations." (*Id.*) Plaintiff contends that the typicality requirement is satisfied because Plaintiff's "claims are typical of the class members, i.e., that his telephone calls with Mayflower were recorded without advance notice." (*Id.* at 14-15). Plaintiff contends that the adequacy requirement is satisfied because he "does not have any conflicts of interest with the other class members and he has prosecuted the action vigorously on behalf of the class." (*Id.* at 15).

To approve the settlement under Rule 23(e) of the Federal Rules of Civil Procedure, the proposed Class must be certified for the purposes of settlement. *See* Fed. R. Civ. P. 23(e) (permitting settlement of "[t]he claims, issues, or defenses of a certified class—or a class proposed to be certified for purposes of settlement"); *see also Staton v. Boeing Co.*, 327 F.3d 938, 953 (9th Cir. 2003) (addressing the propriety of class certification in examining decision to approve settlement). Parties seeking class certification must satisfy each of the four requirements of Rule 23(a)—numerosity, commonality, typicality, and adequacy—and at least one of the requirements of Rule 23(b). *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 979-80 (9th Cir. 2011). In this case, Plaintiff seeks certification under Rule 23(b)(3), which requires that "questions of law or fact common to class members

predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Although there is no absolute threshold, courts generally find numerosity satisfied when the class includes at least forty members. *See, e.g., Gomez v. Rossi Concrete, Inc.*, 270 F.R.D. 579, 588 (S.D. Cal. 2010). Here, there are 159 Settlement Class Members. (ECF No. 44-1 at 14). The Court finds that Plaintiff has satisfied the numerosity requirement of Rule 23(a)(1).

To satisfy Rule 23(a)(2), a party seeking class certification must demonstrate that there are "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). The core concern of the inquiry is that the common contention at the heart of the claims be "capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Under Rule 23(b)(3), Plaintiffs must further show that the common questions "predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). "Though there is substantial overlap between [the Rule 23(a)(2) commonality test and the Rule 23(b)(3) predominance tests], the [Rule] 23(b)(3) test is 'far more demanding.'" *Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1172 (9th Cir. 2010) (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623–24 (1997)).

The predominant and common question is whether Defendant provided notice of recording to the Settlement Class Members prior to recording their telephone conversations. The claims have the potential to be proven based upon Defendant's uniform recording policy, without the need for individualized proof. *See Raffin v. Medicredit, Inc.*, No. CV154912GHKPJWX, 2017 WL 131745, at *9 (C.D. Cal. Jan. 3, 2017) (finding predominance and stating that, "[b]ecause every putative class member was subject to this

policy on a uniform basis, determining consent to record can be accomplished without resort to individualized proof"). The Court finds that Plaintiff has satisfied the commonality requirement of Rule 23(a)(2) and the predominance requirement of Rule 23(b)(3).

Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "Under the rule's permissive standards, representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998), *overruled on other grounds by Dukes*, 564 U.S. at 338. "The purpose of the typicality requirement is to assure that the interest of the named representative aligns with the interests of the class." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). Plaintiff submits evidence that his telephone calls with Defendant were recorded without advance notification. (ECF No. 44-4 ¶ 20). Plaintiff is a member of the Settlement Class and his claims are typical of those of the Settlement Class Members. The Court finds that Plaintiff has satisfied the typicality requirement of Rule 23(a)(3).

The adequacy requirement of Rule 23(a)(4) is satisfied if the representative parties will "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). In determining whether the adequacy requirement has been met, courts ask: "(1) [d]o the representative plaintiffs and their counsel have any conflicts of interest with other class members, and (2) will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Staton*, 327 F.3d at 957. The record reflects no evidence of any conflict of interest between Plaintiff and the Settlement Class. The record further reflects that Plaintiff has prosecuted this action vigorously. (ECF No. 44-4 ¶¶ 16-20). The Court finds that Plaintiff has satisfied the adequacy requirement of Rule 23(a)(4).

All the requirements of Rule 23(a) and 23(b)(3) have been satisfied. The Court certifies the proposed Class for the purposes of settlement.

/ / /

/ / /

## IV. FAIRNESS OF THE SETTLEMENT

Plaintiff contends that the proposed settlement is "fundamentally fair, reasonable, and adequate." (ECF No. 44-1 at 16). Plaintiff asserts:

> The results achieved by Plaintiff in this case have been frankly extraordinary. More than 28% of the eligible class members have filed valid claims (45/158). Nearly 92% of the class members actually received the class notices in this action. There were zero objectors and zero opt-outs. For good reason. Each class member who filed valid claims will receive nearly $23,000. That is a recovery unheard of in CIPA class actions.

(*Id*. at 6-7 (citations omitted)).

"To guard against th[e] potential for class action abuse, Rule 23(e) of the Federal Rules of Civil Procedure requires court approval of all class action settlements, which may be granted only after a fairness hearing and a determination that the settlement taken as a whole is fair, reasonable, and adequate." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011) (citing Fed R. Civ. P. 23(e)(2)). Courts consider several factors in determining the fairness of a proposed settlement, including:

> (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction [to] the class members of the proposed settlement.

*Id.* at 946 (quoting *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 5757 (9th Cir. 2004)). "[T]he court's intrusion upon what is otherwise a private consensual agreement negotiated between the parties to a lawsuit must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Officers for Just. v. Civil Serv. Comm'n of S.F.*, 688 F.2d 615, 625 (9th Cir. 1982). However, a "higher level of scrutiny for evidence of collusion or other conflicts of interest" is appropriate for settlements reached prior to class certification. *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d at 946.

Plaintiff faces multiple hurdles to prevailing on his claims, including class certification, the possibility of summary judgment, and trial. Prior to the mediation which resulted in the settlement, Defendant filed a 632-page opposition to the Motion for Class Certification. (ECF No. 36). Defendant raised numerous challenges to class certification and the merits of the class claims. (*See, e.g.*, *id.* at 8-9). The record reflects that Defendant maintains several defenses to Plaintiff's claims that could foreclose certification, negate liability, or reduce Plaintiff's ultimate recovery. The Court concludes that the strength of Plaintiff's case, the risk, expense, complexity, and likely duration of further litigation, and the risk of maintaining class action status throughout the trial weighs in favor of approval.

As discussed above, the maximum that could have been recovered at trial for all 691 calls was $3,455,000. The amount obtained for the class in settlement is $1,450,000. On a per call basis, the amount is $2,098 per call. This represents 41.9% of the maximum recovery that could have been obtained if Plaintiff prevailed on every claim and recovered for every call at trial. As discussed above, the estimated amount paid to each claiming Settlement Class Member will be approximately $22,980. (ECF No. 44-1 at 13). The Court concludes that the proposed settlement amount is fair and reasonable. *Cf. In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) (holding that an award of roughly one-sixth of the potential recovery was fair and adequate).

Class Counsel have expended approximately 408 hours of time in litigating the action for over 18 months. (*See* ECF No. 43-2 ¶ 8; ECF No. 43-6 ¶ 8; ECF No. 43-3 at 2). The docket reflects that extensive discovery was conducted by Class Counsel and Class Counsel expended significant effort in drafting the Motion for Class Certification. The parties' discovery, class certification briefing, and subsequent mediation weigh in favor of approval. Class Counsel Swigart and Barry each submit declarations indicating that they have significant experience in class action litigation. (ECF No. 44-2 ¶ 8; ECF No. 44-3 ¶ 8). The experience and views of Class Counsel weigh in favor of approval.

No Settlement Class Member has opted out of the settlement, and no objections to the settlement have been made. The reaction of the Class Members to the proposed

settlement weighs in favor of approval. *Cf. Mandujano v. Basic Vegetable Prods., Inc.*, 541 F.2d 832, 837 (9th Cir. 1976) ("The opposition of a significant number of the members of the class to a proposed settlement is a factor to be considered when approving a settlement.") (citations omitted).

The Settlement Agreement provides that the payment of $362,500 in attorneys' fees is not separate and apart from class funds and any requested fees not awarded would be distributed to the Settlement Class Members. (ECF No. 41-5 at 4-5); *see In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d at 947 (stating that signs of collusion include when counsel receive a disproportionate distribution, when the parties provide for the payment of fees separate and apart from class funds, and when the parties arrange for fees not awarded to revert to the defendants). There is no other evidence of collusion or conflict of interest in the record and the participation of a mediator in reaching the settlement "weigh[s] in favor of a finding of non-collusiveness." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d at 948. The Court finds that the settlement is fundamentally fair, adequate, and reasonable, and that no evidence of collusion or conflict of interest exists.

## V. ATTORNEYS' FEES AND COSTS

Rule 23(h) of the Federal Rules of Civil Procedure provides that, "[i]n a certified class action, the court may award reasonable attorneys' fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). "[C]ourts have an independent obligation to ensure that the award, like the settlement itself, is reasonable, even if the parties have already agreed to an amount." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d at 941. "Where a settlement produces a common fund for the benefit of the entire class, courts have discretion to employ either the lodestar method or the percentage-of-recovery method" to determine the reasonableness of the award. *Id.* at 942.

Class Counsel requests an award of attorneys' fees of $362,500—25% of the Maximum Settlement Amount. (*See* ECF No. 43-1 at 6). Under the percentage-of-recovery method, "courts typically calculate 25% of the fund as the 'benchmark' for a reasonable fee award." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d at 942 (quoting *Six (6)*

*Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990)). However, "[s]election of the benchmark or any other rate must be supported by findings that take into account all of the circumstances of the case." *Viscaino v. Microsoft Corp.*, 290 F.3d 1043, 1048 (9th Cir. 2002). This case involves a relatively moderate settlement amount of $1.45 million, which supports a standard 25% award. *Cf. In re Bluetooth*, 654 F.3d at 942 (explaining that in cases with nine-figure "megafunds," a 25% attorneys' fee award is often inappropriate).

The reasonableness of a percentage-of-recovery fee award can also be determined by cross-checking the amount of the award against the amount that would be awarded under the lodestar method. *See Viscaino,* 290 F.3d at 1050-51. Class Counsel's hourly rate and time expended are reasonable given the extensive discovery and class certification briefing. Class Counsel's lodestar of $312,132.50 reflects a multiplier of approximately 1.16 as compared to the requested 25% fee of $362,500. (ECF No. 43-1 at 18). While the lodestar figure is lower than the requested award, this discrepancy is reasonable in light of the significant risk involved in litigating this action. *See Viscaino,* 290 F.3d at 1050-51 (affirming a contingency award 3.65 times larger than the lodestar figure in recognition of the fact that a contingency award must account for risk of nonpayment should the defendant prevail). The Court concludes that nothing in this case requires departure from the 25% standard award. The Court approves the request for attorneys' fees in the amount of $362,500.

Class Counsel further requests reimbursement of $30,874.12 in litigation costs and provides a chart itemizing these costs. (ECF No. 43-4 at 2). Class Counsel is entitled to reimbursement of the out-of-pocket costs reasonably incurred in investigating and prosecuting this case. *See Staton*, 327 F.3d at 974. The Court approves the request for litigation costs and expenses in the amount of $30,874.12.

## VI.  ADMINISTRATIVE COSTS

Plaintiff requests that the Court award $12,500 in administrative costs to CPT Group, the Claims Administrator. CPT Group is responsible for the following: "disseminating the

Notice of Class Action Settlement; establishing and maintaining the Settlement Website; researching and updating addresses through skip-traces and similar means; receiving and validating claims and requesting additional information from claimants if warranted; receiving and validating opt-outs; preparing a declaration regarding its due diligence; mailing settlement checks to Class Member claimants; disbursing funds from the Settlement; and preparing reports and summaries as the Parties or the Court may direct in order to effectuate the Settlement." (ECF No. 44-5 ¶ 3). Courts regularly award administrative costs associated with providing notice to the class. *See, e.g., Vasquez v. Kraft Heinz Foods Co.*, 3:16-cv-2749-WQH-BLM, 2020 WL 1550234, at *8 (S.D. Cal. Apr. 1, 2020). The Court concludes that CPT Group's costs were reasonably incurred for the benefit of the Class and approves the request for administrative costs in the amount of $12,500.

**VII.   INCENTIVE AWARD**

Incentive awards are "fairly typical" discretionary awards "intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 958-59 (9th Cir. 2009). In assessing the reasonableness of an incentive award, several district courts in the Ninth Circuit have applied the five-factor test set forth in *Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294 (N.D. Cal. 1995), which weighs: (1) the risk to the class representative in commencing a class action, both financial and otherwise; (2) the notoriety and personal difficulties encountered by the class representative; (3) the amount of time and effort spent by the class representative; (4) the duration of the litigation; and (5) the personal benefit, or lack thereof, enjoyed by the class representative as a result of the litigation. *See, e.g., Vasquez*, 2020 WL 1550234, at *9.

In his Declaration, Plaintiff states that he "responded to written discovery requests from Defendant in this lawsuit," "appeared in person for [his] full eight-hour deposition that was taken by Defendant," "spent several hours in preparation for [his] deposition with

[his] attorneys over multiple sessions," "spent several hours reviewing and assisting [his] counsel in carefully, fully, and accurately responding to Defendant's written discovery requests, which included researching numerous specific historical facts about my personal background that the Defendant inquired about," and "listened to the hours of phone call recordings provided by Defendant to [his] counsel." (ECF No. 44-4 ¶¶ 16-20). The amount of time and effort spent by Plaintiff, the duration of the litigation, and the lack of any other personal benefit to Plaintiff, supports a finding that the incentive award is within the acceptable range of approval and is not the result of collusion. The Court approves the request for an incentive award to Plaintiff in the amount of $10,000. *See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d at 463 (approving incentive awards totaling $10,000 in connection with $1.725 million settlement).

## VIII.   CONCLUSION

IT IS HEREBY ORDERED that the Motion for Final Approval and Motion for Fees and Expenses (ECF Nos. 43 & 44) are granted as follows:

1. The Court finds that the Settlement Agreement was entered into in good faith and that it constitutes a fair, reasonable and adequate compromise between the parties.
2. The Court finds and finally certifies the proposed Class for the purposes of this settlement pursuant to Federal Rule of Civil Procedure 23, and in conformance with this Court's Preliminary Approval of the Class Action Settlement.
3. The certified class definition for settlement purposes is:
    a. The Confidential Communication Class for Violation of Penal Code §632, consisting of:

        All persons in California who booked a move online through the Mayflower Gemini program and whose conversations were recorded without their consent, by Defendant, and or its agents, within the one year prior to the filing of the Complaint.

    b. The Cellular Phone Communication Sub-Class for Violation of Penal Code §632.7, consisting of:

> All persons in California who booked a move online through the Mayflower Gemini program and whose cellular telephone conversations were recorded without their consent, by Defendant, and or its agents, within the one year prior to the filing of the Complaint.

4. Distribution of the Notice of Settlement ("Notice") to members of the Class as described in the Settlement Agreement has been completed in conformity with the Order of Preliminary Approval of Class Action Settlement. Such individual Notice was mailed and emailed to all members of the Class who could be identified through reasonable effort, and was the best notice practicable under the circumstances.

5. This Notice provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed terms set forth in the Settlement Agreement, to all persons entitled to such Notice.

6. The Notice satisfied the requirements of due process as to the settlement.

7. No member of the Class objected to the settlement, and no opt outs were received. There were 42 timely claims and three late but otherwise valid claims.

8. The Court finds that the Class was competently represented by experienced Class Counsel, Joshua B. Swigart and Peter F. Barry, resulting in a substantial monetary recovery for each participating Class Member.

9. The Court finds that the efforts of Class Counsel resulted in the creation of a common settlement fund for the benefit of the Class Members and that Class Counsel is entitled to an award of attorney fees from the common fund;

10. The Court determines that application of the percentage of the recovery method is the proper methodology for determination of the proper attorney fee award;

11. The Court finds that application of the "benchmark" percentage of 25% of the common fund is appropriate in this case;

12. This Court hereby approves the settlement and finds that the settlement is, in all respects, fair, adequate and reasonable, and directs the parties to effectuate the settlement according to its terms.

13. The Court has considered numerous factors, including the opinions and experience of counsel; the procedural history of the case including the litigation status at the time of the settlement; the risk, expense, complexity, and likely duration of further litigation; and the terms negotiated in the settlement.

14. Accordingly, the Court hereby approves the terms of the settlement as fair, reasonable, adequate and in the best interests of the parties and the Class. Specifically, the Court approves the following:

    a. Accepting the three late but otherwise valid claims, which brings the total number of valid claims to 45;

    b. Finally approving the class action settlement, including the common fund in the amount of $1,450,000;

    c. Approving attorney fees of $362,500 equal to twenty five percent (25%) of the settlement common fund;

    d. Approving reimbursement of litigation expenses in the aggregate amount of $30,874.12;

    e. Approving Settlement Administration expenses of $12,500; and

    f. Approving a service award to Representative Plaintiff in the amount of $10,000.

15. The Court further finds that the settlement has been reached as a result of intensive, serious, and non-collusive arms-length negotiations, including voluntary, non-binding mediation before an experienced mediator.

16. The Court finds that the parties have conducted extensive investigation, research, and discovery and that counsel for the parties are able to reasonably evaluate the parties' respective positions.

17. The Court finds that settlement at this time will avoid additional substantial costs, as well as avoid the delay and risks that would be presented by the further prosecution of the action.

18. The Court has reviewed the monetary recovery prescribed by the Settlement Agreement and recognizes the significant value to the Class of that monetary recovery.

19. As of the effective date of settlement, the released claims of each member of the Class, pursuant to the terms of the Settlement Agreement, are and shall be deemed to be fully, finally, and conclusively released as against Defendant, Mayflower Transit, LLC, and each member of the Class shall be forever barred and enjoined from prosecuting the released claims.

20. The Court hereby dismisses the litigation on the merits and with prejudice, pursuant to the terms of the Settlement Agreement, against the named Plaintiff and all members of the Class who have not requested exclusion in favor of Defendant as to all claims asserted.

21. The Court hereby retains continuing jurisdiction over the interpretation, implementation and enforcement of the Settlement Agreement and all orders and judgments entered in connection therewith.

22. The Court will enter final judgment in this case in accordance with the terms of the Settlement Agreement, the Order granting preliminary approval of class action settlement, and this Order. No later than twenty (20) days from the date this Order is filed, the parties shall file a proposed judgment.

Dated: August 8, 2022

*William Q. Hayes*
Hon. William Q. Hayes
United States District Court