UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID GREENLEY, individually and on behalf of others similarly situated,<br><br>       Plaintiffs,<br><br>   v.<br><br>MAYFLOWER TRANSIT, LLC,<br><br>       Defendant. | CASE NO. 21cv339-WQH-MDD<br><br><br>**FINAL JUDGMENT AND ORDER OF DISMISSAL** |

HAYES, Judge:

The Court having held a Final Approval Hearing on August 4, 2022, notice of the Final Approval Hearing having been duly given in accordance with this Court's Order (1) Preliminarily Approving Class Action Settlement, (2) Conditionally Certifying Settlement Class, (3) Approved Notice Plan, and (4) Setting Final Approval Hearing ("Preliminary Approval Order"), and having considered all matters submitted to it at the Final Approval Hearing and otherwise, and finding no just reason for delay in entry of this Final Judgment and good cause appearing:

1. The Settlement Agreement and Release, including its exhibits, fully executed on December 8, 2021, (the "Agreement"), and the definitions contained therein are incorporated by reference in this Order. The terms of this Court's Preliminary Approval Order (ECF No. 42) and Final Approval Order (ECF No. 49) are also incorporated by reference in this Order.

2. This Court has jurisdiction over the subject matter of this Action and over the Parties pursuant to 28 U.S.C. § 1332, including all members of the Settlement Class certified for settlement purposes in this Court's Preliminary Approval Order.

3. The certified class definition for settlement purposes is:

   a. The Confidential Communication Class for Violation of Penal Code § 632, consisting of:
   All persons in California who booked a move online through the Mayflower Gemini program and whose conversations were recorded without their consent, by Defendant, and or its agents, within the one year prior to the filing of the Complaint.

   b. The Cellular Phone Communication Sub-Class for Violation of Penal Code § 632.7 consisting of:
   All persons in California who booked a move online through the Mayflower Gemini program and whose cellular telephone conversations were recorded without their consent, by Defendant, and or its agents, within the one year prior to the filing of the Complaint.

   There are 158 Settlement Class Members.

4. No persons submitted opt outs.

5. There are no objections to the Settlement.

6. After consideration of all relevant factors, the Court finds that the Settlement, taken as a whole, is fair, reasonable and adequate to all concerned.

7. The Court hereby finds that the Agreement is the product of arm's-length settlement negotiations between the Plaintiff and Class Counsel, on the one hand, and Mayflower and Mayflower's Counsel, on the other hand.

8. The Court hereby finds and concludes that Class Notice was disseminated to members of the Settlement Class in accordance with the terms set forth in Section 8 of the Agreement and this Court's Preliminary Approval Order (ECF No. 42). The Court further finds that the Notice was provided in accordance with the terms set forth in the Agreement.

9. The Court hereby finds and concludes that the Notice and claims submission procedures fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process and constitute the best notice practicable under the circumstances. The Court further finds that the Notice Program provided individual notice to all members of the Settlement Class who could be identified through reasonable effort and supports the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Settlement and this Judgment and Order.

10. The Court finds that the Settlement's terms constitute, in all respects, a fair, reasonable, and adequate settlement as to all Settlement Class Members in accordance with Rule 23 of the Federal Rules of Civil Procedure and directs its consummation pursuant to its terms and conditions. The Plaintiff, in his role as Class Representative, and Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Agreement. Accordingly, the Agreement is hereby finally approved in all respects, and the Parties are hereby directed to perform its terms. The Parties and Settlement Class Members who were not excluded from the Settlement Class are bound by the terms and conditions of the Agreement.

11. The Court specifically approves:

a. Accepting the three late claims, which were otherwise valid, which brings the total number of valid claims to 45;

21cv339-WQH-MDD

b. Finally approving the class action settlement, including the common fund in the amount of $1,450,000;

c. Approving attorney fees of $362,500 equal to twenty five percent (25%) of the settlement common fund;

d. Approving reimbursement of litigation expenses in the aggregate amount of $30,874.12;

e. Approving Settlement Administration expenses of $12,50; and

f. Approving a service award to Representative Plaintiff in the amount of $10,000.

12. The Court finds that settlement at this time will avoid additional substantial costs, as well as avoid the delay and risks that would be presented by the further prosecution of the action.

13. The Settlement Class described in paragraph 3 above is hereby finally certified, solely for purposes of effectuating the Settlement and this Order and Final Judgment.

14. The requirements of Rule 23(a) and (b)(3) have been satisfied for settlement purposes, for the reasons set forth in the Final Approval Order (ECF No. 49). The Settlement Class is so numerous that joinder of all members is impracticable; there are questions of law and fact common to the class; the claims of the Class Representative is typical of the claims of the Settlement Class; the Class Representative will fairly and adequately protect the interests of the class; the questions of law or fact common to class members predominate over any questions affecting only individual members; and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy between the Settlement Class Members and Mayflower.

15. This Court hereby dismisses, with prejudice, without costs to any party, except as expressly provided for in the Agreement, this Action.

16. The Claims Administrator is directed to distribute the consideration to the Settlement Class pursuant to the terms of the Agreement.

17. Plaintiff and each and every one of the Settlement Class Members unconditionally, fully, and finally release and forever discharge the Released Parties from the Released Claims as provided for in the Agreement. In addition, any rights of the Settlement Class Representative and each and every one of the Settlement Class Members to the protections afforded under Section 1542 of the California Civil Code and/or any other similar, comparable, or equivalent laws, are terminated.

18. Each and every Settlement Class Member, and any person actually or purportedly acting on behalf of any Settlement Class Member(s), is hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting, or enforcing any Released Claims (including, without limitation, in any individual, class or putative class, representative or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral, or other forum, against the Released Parties. This permanent bar and injunction is necessary to protect and effectuate the Agreement, this Final Judgment and Order of Dismissal, and this Court's authority to effectuate the Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

19. The Agreement (including, without limitation, its exhibits), and any and all negotiations, documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation, or principle of common law or equity, of any liability or wrongdoing, by Mayflower, or of the truth of any of the claims

21cv339-WQH-MDD

5

asserted by Plaintiff, and evidence relating to the Agreement shall not be discoverable or used, directly or indirectly, in any way, whether in this Action or in any other action or proceeding, except for purposes of enforcing the terms and conditions of the Agreement, the Preliminary Approval Order, the Final Approval Order and/or this Judgment and Order.

20. In the event that any provision of the Settlement or this Final Judgment and Order of Dismissal is asserted by Mayflower as a defense in whole or in part to any Claim, or otherwise asserted (including, without limitation, as a basis for a stay) in any other suit, action, or proceeding brought by a Settlement Class Member or any person actually or purportedly acting on behalf of any Settlement Class Member(s), that suit, action or other proceeding may be stayed and enjoined until this Court or the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion. Solely for purposes of such suit, action, or other proceeding, to the fullest extent they may effectively do so under applicable law, the Parties irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the Court, or that the Court is, in any way, an improper venue or an inconvenient forum. These provisions are necessary to protect the Agreement, this Order and this Court's authority to effectuate the Settlement and are ordered in aid of this Court's jurisdiction and to protect its judgment.

21. Finding that there is no just reason for delay, the Court orders that this Final Judgment and Order of Dismissal shall constitute a final judgment pursuant to Rule 54 of the Federal Rules of Civil Procedure. The Court orders that, upon the Effective Date, the Settlement shall be the exclusive remedy for any and all Released Claims for Plaintiff and each and every Settlement Class Member.

21cv339-WQH-MDD

22. If an appeal, writ proceeding or other challenge is filed as to this Judgment or the Final Approval Order, and if thereafter the Judgment and/or Final Approval Order is not ultimately upheld, all orders entered, stipulations made and releases delivered in connection herewith, or in the Settlement or in connection therewith, shall be null and void to the extent provided by and in accordance with the Settlement.

23. Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement.

**IT IS SO ORDERED.**

Dated:  September 1, 2022

_____
Hon. William Q. Hayes
United States District Court

21cv339-WQH-MDD

7